IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

TRAVIS R. PHILLIPS,
    Plaintiff,

-vs-

JP MORGAN CHASE BANK, N.A.,
    Defendant.

CAUSE NO.:
A-17-CV-01074-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant JPMorgan Chase Bank, N.A. (JPMorgan)'s Motion to Dismiss the Second Amended Complaint [#14], Plaintiff Travis R. Phillips' Response [#18] in opposition, and JPMorgan's Reply [#20] thereto.[1] Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is the sixth lawsuit filed by Phillips to prevent the foreclosure of real property located at 2803 Hubbard Circle, Austin, Texas 78746 (the Property). This Court dismissed all of Phillips' prior lawsuits. *See Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:12-CV-905-SS (W.D. Tex. Nov. 5, 2012) (First Suit); *Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:14-CV-054-SS (W.D. Tex. Mar. 4, 2014) (Second Suit); *Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:14-CV-544-SS (W.D. Tex. Jul. 15, 2014) (Third Suit); *Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:15-CV-790-SS (W.D. Tex. Jan. 15, 2016) (Fourth Suit); *Phillips v. JPMorgan Chase Bank, N.A.*, No. 1:16-CV-287-SS (W.D. Tex. May 13, 2016) (Fifth Suit).

---

[1] Also pending before the Court is Phillips' Motion for Leave to File Second Amended Complaint [#14] which is hereby GRANTED. Accordingly, JPMorgan's Motion to Dismiss the First Amended Complaint [#4] and JPMorgan's Motion to Strike Amended Complaint [#11] are DISMISSED as moot.

Phillips and his spouse purchased the Property in 1988 with a mortgage currently assigned to JPMorgan. *See* Ex. Second Am. Compl. [#8-2] Ex. B (Deed of Trust). Phillips eventually defaulted on his payments, and was unable to obtain a modification of the loan. JPMorgan subsequently initiated foreclosure of the Property, and, as referenced above, Phillips has filed numerous lawsuits to prevent such efforts.

This particular case relates to Phillips' attempts to secure a third-party refinancing of his mortgage. JPMorgan purportedly agreed to forgo further foreclosure actions if Phillips obtained a refinance commitment. *See* Second Am. Compl. [#8] at ¶ 12. Phillips secured an initial refinancing commitment, but was unable to close because of the lender's inability to perform. *Id.* Subsequently, Phillips obtained a new loan commitment and money was deposited in escrow with the title company. *Id.* at ¶ 14. According to Phillips, JPMorgan agreed to a transfer of lien without recourse to the new lender, but now refuses to provide the needed lien transfer to effectuate the refinancing. *Id.* at ¶¶ 15–16.

On May 1, 2017, Phillips filed this lawsuit in the 53rd Judicial District Court of Travis County, Texas. JPMorgan removed the case to this Court on the basis of diversity jurisdiction on November 11, 2017. On December 18, 2017, Phillips filed his Second Amended Complaint, asserting claims for specific performance and unjust enrichment, in addition to seeking declaratory and injunctive relief.[2] *See* Second Am. Compl. [#8]. JPMorgan has moved to dismiss all claims under Rule 12(b)(6). The motion is fully briefed and ripe for consideration.

---

[2] Phillips' complaint contains a single count entitled "SPECIFIC PERFORMANCE/UNJUST ENRICHMENT," which the Court considers as separate claims for specific performance and unjust enrichment the purposes of this motion.

2

## Analysis

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts "must consider" the complaint, as well as other sources such as documents incorporated into the complaint by

reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

As mentioned above, Phillips' complaint includes a claim for specific performance of JPMorgan's alleged agreement to provide a transfer of lien without recourse, a claim at equity to prevent JPMorgan's alleged unjust enrichment, and requests for declaratory and injunctive relief. *See* Second Am. Compl. [#8] at 6–7. JPMorgan seeks dismissal of all claims in this case. Mot. Dismiss [#12] at 6–9. The Court will address each claim in turn.

JPMorgan argues Phillips' claim for specific performance fails because there is no enforceable contract requiring JPMorgan assign rather than release the lien upon receipt of full payoff. *See* Mot. Dismiss [#12] at 6–8. The Court agrees.

The Deed of Trust requires JPMorgan release the lien upon payoff. *See* Deed of Trust at ¶ 21 ("Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower."). Phillips avers JPMorgan orally agreed to provide a transfer of lien without recourse in lieu of the release of lien recited in the Deed of Trust. Resp. [#18] at ¶ 4. In essence, Phillips contends JPMorgan orally agreed to modify the Deed of Trust to change from a release of lien to a transfer of lien without recourse. Any such oral agreement, however, is unenforceable because it was not in writing and therefore fails to satisfy the statute of frauds. *See, e.g.,* TEX. BUS. & COM. CODE ANN. § 26.02; *see also Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (holding the statute of frauds applies to oral modifications to loan agreements); *Gordon v. JPMorgan Chase Bank, N.A.*, 505 Fed. Appx. 361, 364 (5th Cir. 2013). Thus, Phillips' claim for specific performance, premised on a breach of an unenforceable contract, fails. *See Milton v. U.S. Bank Nat. Ass'n*,

508 F. App'x 326, 329 (5th Cir. 2013) (affirming dismissal of a breach of contract claim barred by the statute of frauds).

JPMorgan has also moved to dismiss Phillips' unjust enrichment claim, arguing equitable relief is not available given the express contract terms between the parties, Phillips' unclean hands, and a lack of fraud, duress, or the taking of an undue advantage. *See* Mot. Dismiss [#12] at 8–9. Phillips counters that he has presented a valid claim for promissory estoppel. Resp. [#18] at 4–5.

As an initial matter, the Court grants JPMorgan's motion to dismiss Phillips' unjust enrichment claim as unopposed. Phillips does not address JPMorgan's arguments on this claim, but instead offers a new legal theory of promissory estoppel in his response. As pleaded, Phillips' unjust enrichment claim fails because the subject matter underlying this claim is covered by an express contract. *See Baxter v. PNC Bank Nat. Ass'n*, 541 F. App'x 395, 397 (5th Cir. 2013) ("There can be no recovery based on [unjust enrichment] when the same subject matter is covered by an express contract."). Further, Phillips has presented no evidence or assertions of fraud, duress, or the taking of an undue advantage to support his claim that JPMorgan was unjustly enriched. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010) (affirming dismissal of unjust enrichment claim for failure to plead all elements of the claim). Accordingly, Phillips has not presented a plausible unjust enrichment claim.

Phillips' new promissory estoppel cause of action is similarly flawed. This claim is not contained in Phillips' second amended complaint, and thus not properly before the Court. Even if Phillips had properly asserted this claim, such a claim would fail because a legally enforceable contract addressing the disputed obligation exists. *See Jhaver v. Zapata Off-Shore Co.*, 903 F.2d 381, 385 (5th Cir. 1990). Also, Phillips does not allege JPMorgan promised to sign a written

5

document that existed when the promise was made. *See Sullivan*, 600 F.3d at 549 ("Under Texas law, promissory estoppel requires that the agreement that is the subject of the promise must comply with the statute of frauds . . . [and the] agreement must be in writing at the time of the oral promise to sign it.") (internal quotations omitted). At best, Phillips asserts the existence of "an oral agreement to provide a transfer or lien without recourse," combined with a vague reference to a "Proposed Transfer of Lien." *See* Resp. [#18] at ¶¶ 4, 11 (referencing Ex. B, "Transfer of Lien"). Moreover, Phillips' promissory estoppel claim would not entitle him to enforcement of the alleged oral agreement, the remedy he seeks in this case. *See Sullivan*, 600 F.3d at 550 (stating "[r]ecovery under an estoppel or reliance theory is limited to reliance damages."). For all of the above reasons, JPMorgan is entitled to dismissal of Phillips' promissory estoppel claim.

Finally, the Court finds Phillips' requested declaratory relief fails. As clarified in his briefing, Phillips requests the Court "declare the priority rights as between Plaintiff and Defendant and that a party paying and discharging such obligation is subrogated to such lien and its priority upon advancement of funds and payment of same to Defendant." Resp. [#18] at ¶ 12. Texas recognizes a lienholder's right to equitable subrogation, "allow[ing] a third party who discharges a lien upon the property of another to step into the original lienholder's shoes and assume the lienholder's right to the security interest against the debtor." *LaSalle Bank Nat. Ass'n v. White*, 246 S.W.3d 616, 619 (Tex. 2007). However, Phillips has offered no legal basis (nor has the Court found any) for allowing a debtor to bring a claim for equitable subrogation on behalf of a prospective lender. "[A] party seeking equitable subrogation must show it involuntarily paid a debt primarily owed by another in a situation that favors equitable relief." *Frymire Eng'g Co., Inc. ex rel. Liberty Mut. Ins. Co. v. Jomar Intern., Ltd.*, 259 S.W.3d 140, 142

(Tex. 2008). No party has paid a debt here, much less done so involuntarily. To the extent Phillips is referring to contractual subrogation, he has failed to identify an agreement of the parties to support this claim. The Court's ruling does not prevent a refinancing lender from seeking subrogation for debt payments made on Phillips' behalf, but this issue is premature for the Court to consider at this juncture.

In sum, the Court finds JPMorgan is entitled to dismissal of all claims under Rule 12(b)(6). As with his previous cases against JPMorgan, Phillips has failed to state a claim upon which relief can be granted. The Court finds any further amendment would be futile and dismisses Phillips' claims with prejudice.

JPMorgan initiated its foreclosure efforts of the Property in 2012. Since then, Phillips has repeatedly sought court intervention to prevent foreclosure. He has successfully delayed foreclosure for years with meritless legal actions. These actions continue to waste time and resources. Thus, the Court repeats its earlier warning to Phillips and his counsel: continued dilatory tactics through the court system will result in severe monetary sanctions.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint [#14] is GRANTED;

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss the First Amended Complaint [#4] is DISMISSED as moot;

IT IS FURTHER ORDERED that Defendant's Motion to Strike Amended Complaint [#11] is DISMISSED as moot;

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss the Second Amended Complaint [#14] is GRANTED; and

IT IS FINALLY ORDERED that all claims brought by Plaintiff Travis R. Phillips in the above-styled and numbered cause are DISMISSED WITH PREJUDICE.

SIGNED this the 19th day of January 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE